# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LINDA J. HART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-1179-D |
| | ) | |
| JUDGE, TARRANT COUNTY, | ) | |
| TEXAS PROBATE COURT, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Plaintiff Linda J. Hart, appearing *pro se* and putatively proceeding *in forma pauperis*, commenced this action by filing a document entitled "Petition/Claim" against several Texas state officials. The Court, which construes Plaintiff's document as a Complaint, finds that it, as written, fails to comply with Fed. R. Civ. P. 8(a) for the reasons stated below.

Under Rule 8(a), a complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. *Id*. Though complaints drafted by *pro se* litigants are given more leeway than those drafted by counsel, they still must be coherent enough to allow for an intelligent response. *Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996). And although this Court is required to construe Plaintiff's pleadings liberally, it does not "assume

the role of advocate" and "should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). Although some allowance is made for certain deficiencies, such as unfamiliarity with pleading requirements, failure to cite appropriate legal authority, and confusion of legal theories, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id*. Finally, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

A *pro se* complaint may therefore be dismissed *sua sponte* if the plaintiff cannot make a rational argument on the law and facts in support of her claim. *Id*. at 1172. Indeed, dismissal is proper for those cases in which the complaint is so "confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995) (citation omitted); *Firewood v. New Mexico's Bernalillo County Metropolitan Detention Ctr.*, 583 F. App'x 875, 876 (10th Cir. Nov. 26, 2014) (unpublished) ("[e]ven though we must construe the pro se brief liberally . . . we can scarcely

identify, much less evaluate, the 'appellant's contentions and the reasons for them.'").

Here, Plaintiff's Complaint is so rambling, unclear and confusing that Defendants cannot reasonably be expected to respond, nor can this Court reasonably ascertain whether it has jurisdiction. The Complaint consists of largely illegible handwriting and typewritten pages full of incoherent statements. As a result, the Court will dismiss the Complaint without prejudice and grant Plaintiff leave to file an amended complaint that complies with Rule 8(a).

IT IS THEREFORE ORDERED that Plaintiff's Complaint [Doc. No. 1] is **DISMISSED WITHOUT PREJUDICE**. Plaintiff, within ten (10) days of this Order, shall file an amended complaint which (1) sets forth each allegation and the relief requested in simple, concise and direct statements, (2) clearly sets forth the basis for this Court's jurisdiction, and (3) clearly sets forth all relief Plaintiff is requesting against Defendants.

IT IS FURTHER ORDERED that if Plaintiff fails to fully comply with this Order, this action shall be dismissed without prejudice.

**IT IS SO ORDERED** this 21st day of October, 2015.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE